UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:                                                            Case No.: 15-48136
                                                                   Chapter 7
        LENNOX EMANUEL,                    Hon. Walter Shapero

              Debtor.
_____/

**<u>MEMORANDUM OPINION RELATING TO PRELIMINARY ISSUE OF A
CONTINGENT ATTORNEY FEE AS PROPERTY OF THE ESTATE</u>**

      In this case, as of the time of its filing, the Debtor, an attorney, either personally or through his personal service corporation or similar type entity, had contingency attorney fee agreements relating to then pending cases in various courts. One of those cases has been settled post petition, resulting in Debtor's entitlement to fees and reimbursement of expenses, pursuant to the terms of the indicated contingency fee and settlement agreement.

      Incident thereto, an issue has arisen as to whether any, or what, portion of those attorney fees are property of the estate. An evidentiary hearing has been set, but incident thereto the Court has indicated, that in advance thereof, and in order to clarify the parameters of that hearing, it would issue a preliminary ruling on an involved legal issue. The Trustee argues that the entire fee is property of the estate, whereas the Debtor argues that only a portion of the fee is - that portion being the determined and calculated value of his services as of the bankruptcy case filing date, i.e.: an allocation of the total fees needs to be made as between the pre and post filing periods as to the services performed during each of those periods, with the post filing portion not being property of the estate.

1

This Opinion assumes for the moment, that Debtor personally (as opposed to some corporate or other type entity wholly owned or controlled by him, a further issue raised by the Trustee, is entitled to the contingency fee. The Court has concluded that it agrees with those cases and reasoning that in these type situations an allocation is required. Section 541 has a universally acknowledged, very broad definition of what is property of a bankruptcy estate. It thus includes either the contingency fee agreements themselves to which Debtor is either personally a party or is derivatively so by way of Debtors interest in the law practice entities (which are themselves property of the estate). Section 541(a)(6) also brings into the estate the "Proceeds" of such agreements "except such as are earnings from services performed by an individual debtor after commencement of the case." While there are some differences among the Courts on the basic issue, this Court aligns itself and adopts the reasoning and holdings in the following cases, to wit: *In re Jess*, 169 F.3d 1204 (9th Circ. 1999); *Turner vs. Avery*, 947 F.2d 772 (5th Circ. 1991); *In re Riker*, 282 B.R. 724 (S.D. Fla. 2002). They support the Debtor's allocation requirement position. Accordingly, the evidentiary hearing shall proceed on that basis, which means that among other things, evidence relating to an allocation will need to be offered (and to that end, the Court has authorized certain discovery).

**Signed on January 20, 2016**

                                            **/s/ Walter Shapero**
                                    **Walter Shapero**
                                    **United States Bankruptcy Judge**